UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60975-CIV-COHN/SELTZER

HAYES WENNERSTEN, individually
and on behalf of all others similarly
situated,

        Plaintiff,

vs.

COMMERCIAL DIVER SERVICES, N.A.
INCORPORATED and EUGENE B.
GARGIULO, individually,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Commercial Driver Services, N.A. and Eugene B. Garggiulo's Motion to Dismiss [DE 11] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 12] ("Response")[1], notes the lack of

---

[1] On July 24, 2012, without seeking leave of Court or providing any other explanation, Plaintiff filed an Amended Response to the Motion. See DE 13 ("Amended Response"). The Amended Response appears to be substantially similar to the original Response, but attaches an affidavit from the Plaintiff to support his opposition to the motion to dismiss. See Affidavit of Plaintiff Hayes Wennersten [DE 13-1]. Notwithstanding the impropriety of filing this "Amended Response" without first obtaining leave of court, the Court may not consider materials outside the complaint when ruling upon a motion to dismiss. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). Furthermore, the Plaintiff may not amend his complaint through new allegations raised when responding to a motion to dismiss. See Bruhl v. PriceWaterhouseCoopers Int'l, No. 03–23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007 (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); accord Walker v. City of Orlando, No. 07–651, 2007 WL 1839431, at *5 (M.D.Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss). Accordingly, the Court will not consider the Amended Response or the affidavit when ruling upon the Motion.

reply to the motion by the deadline of August 20, 2012, and is otherwise fully advised in the premises.

Plaintiff commenced this action on May 22, 2012.  Complaint [DE 1].  The Complaint alleges that the Plaintiff Hayes Wennersten ("Plaintiff") worked for Defendant Commercial Diver Services, Inc. and its owner, Defendant Eugene B. Gargiulo, (collectively "Defendants") as a "Supervisor of Haitian Cutters and Rigging of Boats."  Complaint ¶ 3.[2]  In the Complaint, Plaintiff seeks unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA") § 206 (Count I) and to recover unpaid wages under Fla. Stat. § 448.110 (Count II).  The Amended Complaint adds a claim for unjust enrichment.  Am. Compl. ¶¶ 18-23.

Defendants move to dismiss the Complaint on the grounds that the FLSA minimum wage requirement does not apply to work performed in foreign countries.  Motion at 1.  Because the complaint "states that the work was performed in Haiti," Defendants contend that Plaintiff cannot state a claim under the FLSA or Fla. Stat. § 448.110.  Id. at 2.  Defendants also contend that the wages of seamen are governed by 46 U.S.C. § 10313 and that the Court should dismiss Plaintiff's state law claims for lack of subject matter jurisdiction.  Id.  Plaintiff opposes the Motion, arguing that just because "part of the job entailed traveling on a vessel to Haiti to perform work. . . does

---

[2]  Plaintiff filed an Amended Complaint on June 13, 2012.  See Am. COmpl. [DE 7].  Defendants contend in the Motion that Plaintiff failed to serve this Amended Complaint on either defendant.  Motion at 3.  Because the Court finds that the factual allegations of both the Complaint and Amended Complaint are inadequate for the Court to determine whether it has subject matter jurisdiction over this action, the Court will grant the Motion and give Plaintiff an opportunity to submit a Second Amended Complaint.

2

not equate to Plaintiff being employed in Haiti or as a Haitian worker." Response at 3.

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

In his response, Plaintiff contends, without citing any authority, that "[i]t is irrelevant that part of the companies [sic] work takes them outside the state of Florida when the Southern District of Florida is clearly the proper venue for this action." Response at 3. The Court disagrees. As Defendants point out, work performed outside the United States is exempt from the FLSA's minimum wage requirements. Motion at 1. Specifically, 29 U.S.C. § 213(f) states:

Employment in foreign countries and certain United States territories

The provisions of sections 206, 207, 211, and 212 of this title **shall not apply**

3

> ***with respect to any employee whose services during the workweek are performed in a workplace within a foreign country*** or within territory under the jurisdiction of the United States other than the following: a State of the United States; the District of Columbia; Puerto Rico; the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C.A. § 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island.

29 U.S.C. § 213(f) (emphasis added).  The United States District Court for the District of Illinois has instructed that this exemption is inapplicable when the plaintiff "during a particular workweek, performs services both in a workplace within the United States and in a workplace within a foreign country, such as Canada." Wirtz v. Healy, 227 F. Supp. 123, 129 (N.D. Ill. 1964).  However, the exemption applies when "during any workweek . . . [the plaintiff] performs all of his work exclusively in a foreign country." Id. Thus, if Plaintiff's work was performed exclusively outside the United States in any given workweek, it would be exempt from the FLSA's minimum wage requirements.  See Nicholson v. World Bus. Network, Inc., 105 F.3d 1361, 1363 (11th Cir. 1997) ("Because the FLSA does not apply to work performed in a foreign country, 29 U.S.C. § 213(f), Smith's damages would be confined to the salary he earned before departing for Russia.").

      Here, the Complaint, and Amended Complaint, is silent as to where Plaintiff's work was performed.  Both the Complaint and Amended Complaint allege only that the Plaintiff "worked for the Defendant as a Supervisor of Haitian Cutters and Rigging of Boats." Compl. ¶ 3; Am. Compl. ¶ 3.  Thus, even construing the complaint in the light

most favorable to the Plaintiff, the Court cannot determine whether Plaintiff's work falls within an exemption to the FLSA.  See Jae Soog Lee v. Law Offices of Kim & Bae, P.C., No. 11–cv–1266 (JFB)(ETB), 2012 WL 868998, at *3 (E.D.N.Y. Mar. 14, 2012) (granting motion to dismiss complaint where "[i]n the current complaint, as noted above, plaintiff only makes reference to work in the office in South Korea[,]" but granting leave to amend to articulate "what non-attorney work she is claiming under the FLSA that was performed within the United States or United States territories.").  Accordingly, the Court will grant the Motion, but will afford Plaintiff an opportunity to amend his complaint to provide more specific factual allegations about the location of his workplace and what work, if any, he performed for Defendants within the United States or its territories.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Commercial Driver Services, N.A. and Eugene B. Garggiulo's Motion to Dismiss [DE 11] is **GRANTED**;

2. Plaintiff may file a Second Amended Complaint on or before August 14, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of August, 2012.

_____<br>
JAMES I. COHN<br>
United States District Judge

Copies provided to counsel of record via CM/ECF.